# CALEDONIA COUNTY.

## July Term, 1839.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
" JACOB COLLAMER,
" ISAAC F. REDFIELD, } *Assistant Justices.*
" MILO L. BENNETT,

## L. & A. Edwards *v.* David Edwards.

The owner of personal property may maintain trespass against any one who converts it, notwithstanding he has not the actual custody and possession of it.

THIS was an action of trespass, for one hog.—Plea, general issue.

The plaintiff gave in evidence, without objection, a bill of sale to the plaintiffs of the hog in question, signed by the defendant. It was admitted, that, at the time of executing the bill of sale, the defendant was the owner of the hog, which was his only hog, and that he executed and delivered the bill of sale upon sufficient consideration, but did not deliver the hog, and that he soon afterwards killed and converted said hog to his own use. The only question made by the defendant was, whether the bill of sale, without delivery of the hog, vested sufficient title in the plaintiff to enable him, under the circumstances, to maintain this action. The county court held that the plaintiff was entitled to recover, to which defendant excepted.

*C. Davis,* for defendant.

The bill of sale in this case, though given upon the consideration of indebtedness, and with a view to ultimate

security for such debt, did not, without delivery, transfer such an interest to the plaintiffs, as would enable them to maintain an action of trespass. They never had the possession of the hog, either in law or in fact, without which this action cannot be maintained. Trover, perhaps, might lie. *Ward* v. *Macauly*, 4 T. R. 490. *Brainerd et al.* v. *Barton, et al.* 5 Vt. R. 97. *Hunter* v. *Rice*, 15 East's R. 100. *Soper* v. *Sumner, et al.* 5 Vt. R. 274. *Wheeler* v. *Train*, 3 Pick. R. 255. *Wood* v. *Dudley*, 8 Vt. R. 430.

Though it should be thought that such a transfer would be sufficient as against strangers, it admits of a different consideration as between the parties. It is not a pledge by way of collateral security for a debt without delivery, and does not vest in the creditor such an interest as is required to maintain trespass.

*J. Bell and B. N. Davis*, for plaintiffs.

The opinion of the court was delivered by

WILLIAMS, C. J.—The owner of personal property is considered in law, as in possession. To maintain the action of trespass, it is sufficient if a plaintiff shows himself to be owner, or, against a wrong doer, that he is in actual possession. By the bill of sale, the plaintiff in this case, became the owner of the property sold, and, as there was no agreement that he should not take possession, he could maintain an action of trespass against any one who destoyed or converted it.

The judgment of the county court is affirmed.